## MANUAL PADILLO V. THE STATE.

### No. 6718.   Decided March 8, 1922.

**Murder—Motion for New Trial—Sufficiency of the Evidence.**

In the absence of a bill of exceptions — but on a motion for new trial complaining of a ruling of the court in the admission of evidence, the court has nevertheless examined these matters and finds no reversible error, and the evidence being sufficient to support the conviction, the judgment below is affirmed. Ordinarily, the rulings of the court in admission of evidence cannot be reviewed in the absence of a bill of exceptions.

Appeal from the District Court of Kaufman; Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Under an indictment regularly drawn and presented, the appellant was convicted of the offense of murder, and the death penalty assessed.

The deceased, Juan Deleon, was a Mexican tamale vendor, about sixty years of age, and was believed by the appellant and his companion, Bernado Munoz, to have had in his possession a large sum of money.

According to the confession of the appellant, he and Munoz killed the deceased for the purpose of robbing him, using an ax and a knife. Munoz struck the deceased on the head with the ax while he slept, and the appellant stabbed him in the breast with a butcher knife. After killing him, they broke open the trunk of the deceased and found therein $10 in money. The ax and the trunk were hidden in a cane patch, and in connection with his confession, the appellant accompanied the sheriff to the cane patch and revealed the location of the articles mentioned, and they were there found by the sheriff upon the information given by the appellant. Near the body of the deceased, the butcher knife was found. There were wounds from two blows on the head of the deceased, and a stab wound in the breast.

By other witnesses, it was shown that appellant and his companion were seen to enter the house of the deceased in the night-time. There was evidence from other witnesses as to deliberation and preparations for the crime. None of the evidence was controverted. No extenuating circumstances are revealed.

Two confessions were introduced,—one made by the appellant verbally, upon which the sheriff acted with the appellant in finding the instruments with which the homicide was committed and a part of the fruits of the crime which had been secreted; the other was in writing, made in compliance with all of the formalities prescribed by the statute with reference to a written confession made by one under arrest.

No fundamental error appears in the record; no fault in the procedure is pointed out by bills of exceptions.

In the motion for new trial, there is found a complaint of the ruling of the court in the admission of evidence. We have examined these matters in connection with the statement of facts and the entire record, and we perceive in them nothing that would justify us in disturbing the verdict.

The evidence being sufficient, and the indictment regular, and the charge adequate to inform the jury as to the law, we would not be authorized to reverse the judgment even if the matters of evidence complained of presented some question of greater moment for the reason that ordinarily rulings of the court in the admission of evidence are not subject to review in the absence of a bill of exceptions, authenticated by the trial judge, showing that the rulings complained of were made and proper exception then reserved. This is by reason of the statute, Code of Crim. Proc., Art. 744, and its repeated interpretation by this court as reflected in the reports. Marshall v. State, 5 Texas Crim. App. 295; Willson's Crim. Texas Statutes, Vol. 2, p. 203, sec. 2370; Vernon's Texas Crim. Statutes, Vol. 2, p. 534; note 15; Branch's Ann. Texas Penal Code, sec. 210.

Nothing appearing in the facts or record that would warrant this court in overturning the verdict, notwithtanding it assesses the extreme penalty, the judgment is affirmed.

*Affirmed.*